**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

NATHANIEL G. BAILEY, #05138-017                                         PETITIONER

versus                                        CIVIL ACTION NO. 5:11-cv-88-DCB-RHW

 BRUCE PEARSON, Warden                                         RESPONDENT

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner, an

inmate incarcerated at the Federal Correctional Complex, Yazoo City, Mississippi, filed this

Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on June 14, 2011.  Upon review

of the Petition and Memorandum in Support, along with the applicable case law, the Court has

reached the following conclusions.

**I.  Background**

On November 28, 2001, Petitioner was convicted of possession of a firearm by a

convicted felon in violation of 18 U.S.C. § 922(g)(1), by the United States District Court for the

Northern District of Florida.  *See United States v. Bailey*, 3:01-cr-67 (N.D. Fla. Nov. 29, 2001).

Petitioner states that he was sentenced to serve a 252- month term of imprisonment pursuant to

the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Petitioner's conviction and sentence was

affirmed by the Eleventh Circuit on November 5, 2002.  *See United States v. Bailey*, No. 01-

17023 (11th Cir. 2001).  Petitioner subsequently filed a motion to vacate his conviction and

sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court on September

25, 2003.  *See Bailey v. United States*, 3:03cv147 (N.D. Fla. Sept. 25, 2003).

Petitioner claims that he was improperly sentenced as a career offender under the Armed

Career Criminal Act (ACCA) based on two previous state court convictions for burglary.  Pet. [1] at 3.  Specifically, Petitioner alleges that these two previous burglary convictions do not qualify as  violent felonies under the ACCA or the career offender sentencing guidelines.  *Id*. at 6.  As support for his claims, Petitioner primarily relies on the United States Supreme Court's decisions in *United States v. Begay*, 553 U.S. 137 (2008) and *Taylor v. United States*, 495 U.S. 575 (1990).[1]  As relief, Petitioner is asking this Court to "remand this case back to the United States District Court for the Northern District of Florida for further consideration as well as any and all other relief this Honorable Court deem[s] just and proper to prevent the continuation of a miscarriage of justice."  Mem. in Supp. [2] at 20.

## II.  Analysis

Initially, the Court notes that a petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992).  By contrast, a motion filed pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack on a federal sentence.'"  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)(quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)).  The proper vehicle for challenging errors that "occurred during or before sentencing" is a motion pursuant to § 2255.  *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997)(citations omitted).  Petitioner's claim that he was improperly sentenced as a career offender does not challenge the execution of his federal sentence but instead attacks the validity

---

[1]In *Begay*, the Court held that a conviction for driving under the influence of alcohol under New Mexico law was not a "violent felony" within the meaning of the residual clause of the Armed Career Criminal Act (ACCA).  In *Taylor*, the Court remanded the case for a determination based on a "categorical method" whether defendant's prior Missouri conviction for second-degree burglary constituted a violent felony under the ACCA.

of his federal sentence.  Since any alleged constitutional violations regarding Petitioner's career offender classification "occurred during or before sentencing," they are not the properly pursued in a § 2241 petition.

However, "[u]nder the savings clause of § 2255, if the petitioner can show that § 2255 provides him an inadequate or ineffective remedy, he may proceed by way of § 2241." *Wesson v. U.S. Penitentiary*, 305 F.3d 343, 347 (5th Cir. 2002)(citing *Pack*, 218 F.3d at 452.).  The Fifth Circuit, in providing guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement, held the savings clause of § 2255 to apply to a claim "that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" and that claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner Bailey bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective to test the legality of his detention. *Id*. at 901;  *see also Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001)("[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner.").

Petitioner contends that he meets the requirements to proceed under the savings clause based on the doctrine of actual innocence, as demonstrated by various Eleventh Circuit opinions. However, the Fifth Circuit has consistently relied on *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000), to disallow such claims under the savings clause.[2]  Specifically, the Fifth Circuit has

---

[2]*See Glover v. Tamez*, No. 11-10060, 2011 WL 2118649 (5th Cir. May 27, 2011); *McNeal v. Martin*, No. 10-41213, 2011 WL 1664486 (5th Cir. May 4, 2011);  *Dority v. Roy*, No. 10-40288, 2010 WL 4558884 (5th Cir. Nov. 8, 2010);  *Hartfield v. Joslin*, 235 Fed. App'x 357, 2007 WL 2376707 (5th Cir. 2007);

3

stated that "a claim of actual innocence of a career offender enhancement is not a claim of actual

innocence of the crime of conviction and, thus, does not warrant review under § 2241."

*Campbell v. Maye*, No. 10-50955, 2011 WL 2342690, at *1 (5th Cir. June 14, 2011)(citing

*Kinder*, 222 F.3d at 213-14).   Therefore, since Petitioner's claims do not meet the stringent

requirements of the savings clause, he will not be allowed to proceed with this action for habeas

corpus relief pursuant to 28 U.S.C. § 2241.

## III. Conclusion

As explained above, Petitioner's claims are not properly pursued under § 2241 and

Petitioner has not met the requirements to proceed under the "savings clause."  Therefore, this

Petition for habeas relief shall be dismissed as frivolous and to the extent that the Petition can be

construed as a § 2255 motion it shall be dismissed for this Court's lack of jurisdiction**.** *See Pack,*

218 F.3d at 454;  *see also Ojo*, 106 F.3d at 683 (finding inmate's § 2241 petition asserting claims

properly pursued under § 2255 to be "thoroughly frivolous").

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the ___6th___ day of July, 2011.

_____s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE

---

*Robertson v. United States*, 234 Fed. App'x 237, 2007 WL 2005591 (5th Cir. 2007);  *Walker v. United States*, 61 Fed. App'x 121, 2003 WL 342338 (5th Cir. 2003)*;  Washington v. Bogan*, 273 F.3d 1101, 2001 WL 1075869 (5th Cir. 2001).